# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MUTH, JR., <br><br> Plaintiff, <br> vs. <br> BANK OF AMERICA HOME LOANS, et al., <br><br> Defendant. | CASE NO. 14cv2637-LAB (BGS) <br><br> **ORDER OF REMAND** |

Defendant Residential Credit Solutions, Inc. removed this case from state court, citing federal question jurisdiction, and the case was assigned to Judge Janis Sammartino. The notice of removal argued that Plaintiff Arthur Muth was bringing his claims under the Real Estate Settlement Practices Act (RESPA). Residential Credit Solutions then filed a motion to dismiss. The case was then transferred to the undersigned judge, because it was related to an earlier dismissed case, *Muth v. Residential Credit Solutions Home Loans*, 14cv1361-LAB (BGS).

The Court then issued an order to show cause why the action should not be remanded, and stayed briefing on the motion to dismiss. The order cautioned that if Residential Credit Solutions failed to show why this Court had jurisdiction, the case would be remanded. Residential Credit Solutions has filed its response.

As the order to show cause pointed out, the complaint doesn't mention RESPA or any other particular law. Instead, it recites some facts, asks a series of questions, predicts that

the District Attorney will want to know the answers to these questions, and asks that foreclosure and eviction proceedings be stayed pending the District Attorney's investigation. Attachments to the complaint show that Muth's residence has already been sold in a foreclosure sale, and that the buyer is now seeking to evict Muth.

The Court is under an independent obligation to confirm its own jurisdiction, even if neither party raises the issue *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Under 28 U.S.C. § 1441(a), a case can be removed from state to federal court, provided it could originally have been brought in federal court. This statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). The removing party bears the burden of establishing that the court has subject matter jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir.2006). If at any time before final judgment, it appears that jurisdiction is lacking, the case must be remanded. 28 U.S.C. § 1447(c).

Residential Credit Solutions's response points out that the complaint is "based primarily on federal law" (Response to OSC (Docket no. 8) at 1:23), and points out that the complaint mentions provisions found in RESPA. While the complaint does mention those provisions, and says they are found in "federal law," federal question jurisdiction requires more than that the claim be related to, or "based on" federal law.

A state claim arises under federal law, giving rise to federal question jurisdiction, "if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question." *Guinasso v. Pac. First Fed'l Sav. & Loan Ass'n*, 656 F.2d 1364, 1365–66 (9th Cir. 1981). Most federal question cases are those in which federal law creates the right of action, but a case may also arise under federal law if the vindication of rights under state law "necessarily turns on some construction of federal law." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

/ / /

14cv2637

Here, it does not appear Muth's claim arises under RESPA or any other federal law. Muth is asking that eviction proceedings be stayed, and any efforts to finalize the sale of the residence be enjoined. His reasoning, apparently, is that this is necessary in order for the District Attorney's investigation to proceed unimpeded by any ongoing efforts to evict him or complete the sale. In other words, the complaint seeks to protect the integrity of an investigation by state officials. The fact that those officials might be investigating violations of federal law does not transform this into a federal cause of action. Furthermore, the complaint does not appear to turn on whether RESPA was or was not violated; all it seems to be asking for is a thorough investigation by state officials. Whether he is entitled to an unimpeded investigation of possible violations of RESPA or any other laws does not turn on what that investigation will ultimately uncover, or how the RESPA issue might be resolved.

That is not to say Muth has a valid cause of action. It may well be that California law does not provide for the kind of relief he is seeking. Or it may be that even if California law provides for relief of this type, he is ineligible for it. The key point is that Muth's claims, if he has any, must arise under state law; they do not arise under federal law nor do his claims turn on any construction of federal law.

Residential Credit Solutions also points out that Muth refiled this related cause of action in state court after losing in federal court, and contends this represents an effort to circumvent this Court's ruling. But it is well established that federal defenses, such as collateral estoppel or res judicata, do not give rise to federal question jurisdiction. *See generally Rivet v. Regions Bank of La.,* 522 U.S. 470, 478 (1998) ("[C]laim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b).") If Muth truly is trying to circumvent this Court's decision, nothing prevents Residential Credit Solutions from making that argument to the state court. *See id.*

In its motion to dismiss, Residential Credit Solutions has pointed out that the complaint is somewhat vague and thinly-pleaded, which is true. That too counsels against the exercise of jurisdiction, because any doubts about whether the claims arise under federal law must resolved against jurisdiction. *Gaus*, 980 F.2d at 566. Federal jurisdiction is

presumed to be lacking, unless it is affirmatively shown. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). And courts routinely hold that vague or unclear claims are insufficient to show jurisdiction. *See, e.g., Smith v. United Parcel* Serv., 2014 WL 2115154 at *3 (D.Haw. May 21, 2014) (complaint that referred only vaguely to which laws gave rise to the claims failed to allege a federal question); *Denton v. Agents of Oregon*, 2012 WL 6617389 at *2 (D.Or., Dec. 19, 2012) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 117 (1936)) (vague allegations were insufficient to establish subject matter jurisdiction).

The pending motion to dismiss and Residential Credit Solutions' request for judicial notice are therefore **DENIED AS MOOT** and all pending dates are **VACATED**. This action is **REMANDED** to the Superior Court of California for the County of San Diego, North County Division, from which it was removed.

**IT IS SO ORDERED**.

DATED: December 11, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge